IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NORTEL NETWORKS LIMITED, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:06-CV-0935-D |
| VS. | § | |
| | § | |
| ALLIANCE TELECOM, INC., et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Nortel Networks Limited ("Nortel") has applied for a preliminary injunction in an application filed May 25, 2006 and a supplemental application filed June 9, 2006. For the reasons that follow, the court grants the application and supplemental application in part and denies them in part. The court grants Nortel's June 23, 2006 motion for leave to file plaintiff's supplemental reply to defendants' opposition to Nortel's application for a preliminary injunction and its June 23, 2006 motion to file its supplemental reply under seal. The clerk of court is directed to file the supplemental reply under seal.

The court entered in this action an *ex parte* temporary restraining order ("TRO") and seizure and impoundment order on May 26, 2006. It also established a schedule under which the parties would submit their pleadings and evidence concerning Nortel's application for a preliminary injunction. Defendants Alliance Telecom, Inc. and Alliance Telecom, Limited (collectively, "Alliance") were to have filed their opposition brief and evidence no later than June 16, 2006 at noon. Instead, Alliance advised the court in a June 21, 2006 opposition that it does not oppose a preliminary injunction that is the same in scope as the TRO that the court entered on May 26, 2006 and extended on June 12, 2006. *See* Opposition ¶ 4 (noting that Alliance's counsel informed

Nortel's counsel that Alliance would not oppose a preliminary injunction that "tracked the existing TRO"). Alliance opposes broader relief.

The court finds and concludes for the reasons stated in its TRO order that Nortel is entitled to a preliminary injunction that is coextensive with the relief granted by the TRO. Moreover, Alliance does not oppose a preliminary injunction of this scope.

The court denies without prejudice Nortel's request that the court enter a broader preliminary injunction. First, the preliminary injunction that the court is issuing will effectively protect Nortel against all activities in which Alliance can engage that involve the production, reproduction, sale, distribution, or exhibition of GenKey Application Software, including Nortel Keycodes generated by using the software (collectively, "GenKey Software"). Second, the United States Marshal's execution of the seizure and impoundment component of the court's May 26, 2006 order has materially reduced, if not eliminated, the need for preliminary injunctive relief that involves impoundment of additional copies of GenKey Software. Third, Nortel has not demonstrated at this time—although it may after some discovery be able to show—that the court should enjoin Alliance from activities that involve other Nortel products, software, or hardware that need not be enjoined to protect Nortel's rights in the GenKey Software. Nor is the court satisfied at this time that any injuries that Nortel would sustain from the sale of such products could not be remedied by an award of damages.

If through discovery or otherwise Nortel concludes that it is entitled to broader preliminary injunctive relief, it may apply for such relief.

The $10,000 bond that Nortel posted as a condition for entry of the TRO is sufficient for the payment of such costs and damages as may be incurred or suffered by any party who is found to

have been wrongfully enjoined or restrained.

    June 26, 2006.

_____<br>
SIDNEY A. FITZWATER<br>
UNITED STATES DISTRICT JUDGE